Entered on Docket
May 18, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed: May 17, 2010

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                         No. 10-40031 TM
                                              Chapter 7
RUSS L. DANIELS,                              RS EAT 780

         Debtor.
_____/

**MEMORANDUM OF DECISION RE MOTION FOR RELIEF**

The motion of Deutsche Bank National Trust Company, as Trustee (the "moving party") for relief from the automatic stay came before the above-captioned Court on May 14, 2010 at 11:00 a.m. The debtor appeared pro se in opposition to the motion. At the conclusion of the hearing, the Court took the motion under submission. Having reviewed the Court file and considered the issues raised at the hearing, the Court now concludes that the stay should be vacated so that the moving party can proceed with its unlawful detainer action.

**DISCUSSION**

The debtor filed a petition seeking relief under chapter 7 of the Bankruptcy Code on January 4, 2010. His bankruptcy petition listed 411 Lewis Avenue, San Leandro, California as his street address and P.O. Box 24960, Oakland, California as his mailing

address.  Because the petition was the only document filed, on January 5, 2010, the Court issued an order listing the additional documents that had to be filed within 14 days.  The order stated that, unless the documents were filed or the debtor obtained an order extending his time to file them or excusing him from filing them, the case could be dismissed without further notice.  The order was served on the debtor at his mailing address but not his street address.  The debtor did not file the required documents or obtain an order extending the time or excusing him from filing them within 14 days.  As a consequence, on January 21, 2010, the case was dismissed.

On February 4, 2010, a foreclosure sale was conducted with respect to real property owned by the debtor pursuant to the moving party's deed of trust.[1]  The debtor learned of the foreclosure sale on February 4, 2010 and later that day filed another petition seeking relief under chapter 7 of the Bankruptcy Code, thereby commencing a second bankruptcy case.  On February 17, 2010, he wrote a letter to the Court requesting the reinstatement of his first case, representing that he could now file the missing documents.  The Court concluded that the second case should be dismissed and the first case should be reinstated.  However, the reinstatement did not invalidate any actions taken by creditors while the case was dismissed, including the foreclosure sale.

On April 16, 2010, the moving party filed a motion for relief from the automatic stay so that it could proceed with an unlawful

---

[1] A trustee's deed transferring title to the moving party was recorded on February 18, 2010.

2

detainer action against the debtor with respect to the real property. The motion was set for hearing on May 14, 2010. The debtor filed an opposition to the motion on May 14, 2010 and appeared at the hearing in support of the opposition. At the hearing, the debtor contended that the motion should be denied. He conceded that there had been no automatic stay in place when the foreclosure sale was conducted. However, he contended that the above-captioned case had been improperly dismissed because the order warning him that it might be dismissed without further notice had been sent only to the post office box address.

The debtor contended that the post-office box address was a secondary address, that it was his mother's address, and that his mother had died in the interim between the filing of the petition and the date the order was mailed. Therefore, he did not receive actual notice of the deadline for filing his documents. He noted that the real property had been purchased by the foreclosing secured creditor pursuant to a credit bid. Therefore, arguably, the sale could be set aside without prejudice to a good faith purchaser. The Court took the matter under submission, primarily to check into the notice issue.

The Court now concludes that the motion for relief should be granted. The Court finds that service of a motion for relief on the address listed in the debtor's petition as the mailing address constitutes adequate service. Although the mailing address may have been listed on the petition under the street address, this did not make it a secondary address for notice purposes. The common

3

understanding of the phrase "mailing address" is the address at which mail should be directed. As a result, the dismissal of his case was procedurally proper.

Counsel for the moving party is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

4

```
                        COURT SERVICE LIST

Russ L. Daniels
P.O. Box 24960
Oakland, CA 94623

Russ L. Daniels
411 Lewis Ave.
San Leandro, CA 94577

Marisol A. Nagata
Barrett Daffin Frappier
      Treder & Weiss, LLP
20955 Pathfinder Rd., Ste. 300
Diamond Bar, CA 91765
```

5